UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER JAEGERS
SCHMIDT
          Plaintiff,
v.                                                                               Civil Case No. 22-12926
                                                                                 Honorable Linda V. Parker
STATE FARM MUTUAL
AUTOMOBILE INSURANCE
CO.
          Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY MOTION TO COMPEL (ECF NO. 18)

This is a putative class action arising from the assessment of the Actual Cash Value ("ACV") of an automobile pursuant to an insurance policy issued by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). In a state-court complaint removed to federal court under 28 U.S.C. § 1332, Plaintiff Jennifer Jaegers Schmidt ("Plaintiff Schmidt") alleges that State Farm failed to properly assess and pay the ACV of her vehicle after declaring it a "total-loss."

This matter is before the Court on State Farm's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6), or, in the Alternative, Motion to Compel Appraisal. (ECF No. 18.) The motion has been fully briefed. (ECF Nos. 18-21.)[1] Finding the facts and legal arguments adequately presented in the parties' filings, the Court is

---

[1] The Court also considered State Farm's supplemental authority. (ECF No. 26)

dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons set forth below, and for efficiency purposes, the Court is granting State Farm's Motion to Compel Appraisal in the alternative with respect to Count I and dismissing Count II pursuant to Rule 12(b)(6).

### I. Factual Background

Plaintiff Schmidt was insured under a policy issued by State Farm for a 2005 Chevrolet Trailblazer. (ECF No. 15 ¶ 40.) Plaintiff Schmidt's policy was for private passenger auto physical damage including comprehensive and collision coverage (the "Policy"). (*Id.* ¶ 1.) On or about January 1, 2021, Plaintiff Schmidt's vehicle sustained damage and was considered a "total-loss." (*Id.* ¶ 41.) State Farm elected to pay the vehicle's ACV in lieu of repairing or replacing it. (*Id.*) State Farm determined the ACV to be $2,375.00. (*Id.* ¶ 42.) After adding sales tax and a title fee and subtracting the cost of the deducible, the adjusted payment was $2,040.50. (*Id.*)

To determine a vehicle's ACV, Plaintiff Schmidt alleges that State Farm uses a third-party system called Autosource Market-Driven Valuation ("Autosource") to assess the value of comparable vehicles. (*Id.* ¶ 34.) Plaintiff Schmidt further alleges that Autosource identifies the list price of comparable vehicles, which it then adjusts based on factors such as differences in equipment, packages, and/or conditions between the comparable vehicles and the "total-loss"

vehicle. (*Id.*) Plaintiff Schmidt refers to these adjustments as "Negotiation Reductions." (*Id.* ¶ 7.)

Plaintiff Schmidt alleges that the Negotiation Reductions would purposefully exclude transactions where a comparable vehicle, identical to Plaintiff Schmidt's, was sold above the list price as well as transactions where the sold price equaled the advertised price, resulting in a 10% reduction in the value of comparable vehicles. (*Id.* ¶ 9-11.) Plaintiff Schmidt further alleges that this Negotiation Reduction amounted to a 10% decrease in her vehicle's ACV and insurance payout. (*Id.* ¶ 9.) Plaintiff Schmidt alleges that the result of this calculation is a breach of the Policy. (*Id.* ¶ 47.)

The Policy

The Policy contains a provision entitled "Legal Action Against Us," which reads, in relevant part: "Legal action may not be brought against us until there has been full compliance with all the provisions of this policy." (ECF No. 19 at PageID. 314) (emphasis omitted). The Policy also contains a provision entitled "**PHYSICAL DAMAGES COVERAGE**" which includes a "Limits and Loss Settlement – Comprehensive Coverage and Collision Coverages," which reads, in relevant part:

> We have the right to choose to settle with you or the owner of the covered vehicle in one of the following ways:

*   *   *

3

    b. Pay the actual cash value of the covered vehicle minus any applicable deductible.

    (1) The owner of the covered vehicle and we must agree upon the actual cash value of the covered vehicle. If there is disagreement as to the actual cash value of the covered vehicle, then the disagreement will be resolved by appraisal upon written request of the owner or us using the following procedures:

    (a) The owner and we will each select a competent appraiser.
    (b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or we may petition a court that has jurisdiction to select the third appraiser.
    (c) Each party will pay the cost of its own appraiser, and any attorney or expert witness hired by that party. Both parties will share equally the cost of the third appraiser and, by agreement, any other expenses of the appraisal.
    (d) The appraisers shall only determine the actual cash value of the covered vehicle. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class representative basis.
    (e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the covered vehicle and us.
    (f) We do not waive any of our rights by submitting to an appraisal.

(*Id.* at PageID. 303-04) (emphasis omitted).

## The Appraisal

On December 6, 2022, by written letter, State Farm sought to initiate the appraisal process. (*Id.* at PageID. 317.) Plaintiff Schmidt agreed and each party designated their own appraiser. (*Id.* at PageID. 320-21, 323.)

On February 9, 2023, Plaintiff Schmidt withdrew from the appraisal process. (*Id.* at PageID. 328.) On February 10, 2023, she filed her First Amended Complaint alleging: (I) breach of contract; and (II) breach of the implied covenant of good faith and fair dealing. (ECF No. 15.) On March 17, 2023, State Farm filed the instant motion. (ECF No. 18.)

Parties' Arguments

In its motion, State Farm argues that: (1) Plaintiff Schmidt's claims are unripe; (2) the appraisal is a condition precedent;[2] (3) the appraisal is mandatory; and (4) Michigan does not recognize Count II – breach of the implied covenant of good faith and fair dealing as a claim. (*See* ECF No. 18.)

Plaintiff Schmidt responds by arguing that: (1) her claims are ripe; (2) the appraisal is not a condition precedent; (3) the parties' dispute is not appraisable; (4) the Policy precludes the appraisal; (5) because the appraisal is precluded, there is no need for a stay; and (6) Count II does not fail to state a claim. (*See* ECF No. 20.)

Plaintiff Schmidt's arguments in her opposition brief are not supported by the allegations raised in her Complaint. In essence, Plaintiff Schmidt alleges in her Complaint that the use of Negotiation Reductions causes arbitrarily low ACVs and

---

[2] "A condition precedent is a fact or event that the parties intend must take place before there is a right to performance." *Yeo v. State Farm Ins. Co.*, 555 N.W.2d 893, 895 (Mich. Ct. App. 1996) (citation omitted).

ultimately low insurance payouts—the low ACVs and insurance payouts being a breach of the Policy. In her brief, however, she argues that the mere use of Negotiations Reductions, regardless of their result, is a breach of the Policy.[3]

For purposes of this analysis, the Court will only consider the allegations in the Complaint, whether the use of Negotiation Reductions—resulting in an allegedly lower ACV and payout—breached the Policy. Moreover, because the Court is compelling the appraisal and staying the matter as an alternative to dismissal, the Court will not consider the parties' ripeness or condition precedent arguments as these are arguments for dismissal. Based on the terms of the Policy, Plaintiff Schmidt is required to participate in an appraisal on written request by State Farm. Thus, Count I will be stayed pending the outcome of the appraisal while Count II fails as a matter of law and will be dismissed.

---

[3] *Compare* Pl.'s Compl., ECF No. 15 ¶¶ 46-47("Plaintiff does not challenge in this Complaint the [Autosource] methodology except for the application (and the 'calculation') of the Negotiation Reduction, which Plaintiff alleges is arbitrary, deceptive, inaccurate, and made in bad faith. By failing to fully pay the ACV by virtue of the Negotiation Reduction, Defendant breached its insurance policy") *with* Pl.'s Resp. Br., ECF No. 20 at PageID. 337 (emphasis in original) ("Plaintiff does not dispute the *amount* of the Negotiation [R]eduction or any of the other valuation inputs. Rather, Plaintiff contends that the Negotiation [R]eductions may not be applied at all since it is arbitrary, belied by the data, and disconnected from market realities"); *see also* Pl.'s Compl., ECF No. 15 ¶ 68 ("Defendant applied the arbitrary and/or inaccurate Negotiation Reduction to comparable vehicles, resulting in an across-the-board reduction in vehicle valuations, resulting in an underpayment to Plaintiff.").

## II.   Analysis

A. <u>Motion to Compel Appraisal</u>

Plaintiff Schmidt argues that the parties' dispute is not appraisable, and the appraisal is precluded. (*See* ECF No. 20 at PageID. 336-41.) She directs the Court to the Policy's "**PHYSICAL DAMAGES COVERAGE**" section for support of these arguments. Specifically, this section reads:

> (d) The appraisers shall only determine the actual cash value of the covered vehicle. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class representative basis.

(ECF No. 19 at PageID. 314) (emphasis omitted). She argues that whether Negotiation Reductions violate the Policy is a question of law and because appraisers have no authority to decide questions of law, this language precludes appraisal as the Court must decide questions of law. (ECF No. 20 at PageID. 339-41.) Plaintiff Schmidt is mistaken.

First, as previously mentioned, the position Plaintiff Schmidt asserts in her brief—whether the use of Negotiation Reductions is a violation of the Policy—was not asserted in her Complaint and is not before Court. The issue before the Court is whether the Negotiation Reductions' allegedly low ACV and payout resulted in a breach of the Policy. The Policy does not direct the appraiser to decide if a breach has occurred, nor any other questions of law; it directs the appraiser to determine the ACV of the vehicle, which is a question of fact. The factual dispute

7

of the vehicle's accurate ACV is both appraisable and, as explained below, mandatory.

Second, as mentioned above, State Farm requested the appraisal, in writing, to resolve the disagreement of the ACV as required by the Policy. (*Compare* the Policy, ECF No. 19 at PageID. 304 (emphasis omitted) ("If there is disagreement as to the actual cash value of the covered vehicle, then the disagreement will be resolved by appraisal upon written request of the owner or us.") *with* Def.'s Dec. 6, 2022 Letter, ECF No. 19 at PageID. 317 ("Please consider this letter State Farm's written request to resolve any disagreement by appraisal.").) In accordance with the Policy, Plaintiff Schmidt must participate in an appraisal to resolve this disagreement.

As a result, the appraisal is mandatory upon written request of either party. Therefore, the Court grants State Farm's motion to compel appraisal. This matter is stayed pending the appraisal's outcome.

B. <u>Motion to Dismiss Count II</u>

  *i. Legal Standard*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668.

    *ii.*    *Legal Analysis*

Plaintiff Schmidt's Count II alleges breach of the implied covenant of good faith and fair dealing. Specifically, Plaintiff Schmidt argues that State Farm "tosses vast swaths of data" when calculating the ACV. (ECF No. 20 at PageID. 348.) She further argues that State Farm is not operating in good faith as it "systemically thumbs the scales," and makes baseless adjustments to the ACV. (*Id.*)

Count II fails to state a claim for which relief may be granted and fails as a matter of law. It is not clear whether Plaintiff bases her claim on the implied duty of good faith and fair dealing or on the Uniform Commercial Code (UCC).[4] However, "Michigan does not recognize a cause of action for breach of the implied

---

[4] Since 1964, the UCC has imposed an obligation of good faith on contracting parties that cannot be waived. *See Fodale v. Waste Mgmt. of Mich., Inc.*, 718 N.W.2d 827, 840 (Mich. Ct. App. 2006); *see also* Mich Compl. Laws § 440.1304 ("Every contract or duty within this act imposes an obligation of good faith in its performance and enforcement.") To the extent Plaintiff Schmidt relies on the UCC, she fails to cite any authority to support this proposition.

covenant of good faith and fair dealing. Therefore, the plaintiff[] cannot advance th[is] claim." *Cruz v. Cap. One, N.A.*, 192 F. Supp. 3d 832, 839 (E.D. Mich. 2016) (alterations added) (quoting *Fodale*, 718 N.W.2d at 841). Accordingly, Count II must be dismissed.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Appraisal as an Alternative to Dismissal (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall participate in an appraisal as detailed in the Policy.

**IT IS FURTHER ORDERED** that the matter is **STAYED** pending the outcome of the appraisal.

**IT IS FURTHER ORDERED** that Plaintiff's Count II is **DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 5, 2024